MONROE, J.
As a result of a judgment rendered in the above-entitled suit, in which the litigants are the eight children and heirs, or their representatives, of Greenberry W. Lord, deceased, certain tracts of land inherited from him were sold, to effect a partition, and realized, after payment of costs and charges, $3,910.20. Plaintiffs then filed a petition, alleging that George Lord, one of the heirs, received from his father $1,800, which should be collated, and that, as said sum ex-’ ceeds his share, the money on hand should he distributed among the other heirs, and their rights as to the balance due by him reserved. George Lord denies that he received anything that he should collate, and alleges that he bought a tract of land from his father for the “cash consideration” of $700; but he alleges “in the alternative,” and should it be held that there was no consideration, that the conveyance was a donation, intended as an extra portion.
We find that, on March 20, 1888, Green-berry W. Lord, executed an instrument purporting to be an act of donation to his children, .Susan Miller and “Sonny” (George) Lord, of a tract of land described as. the E. Yz. of the N. E. % and N. E. Yt of S. E. Y± of section 20, township 8 S., range 3 E., containing 120 acres f but the attempt to convey the land, in that way, if ever seriously intended, was abandoned, and the S. % of the tract so described was, on April 4, 1902, made the subject of a conveyance, purporting to be a sale for $700 cash, from Greenberry' W. Lord to George Lord, who, on December 10, 1902, sold it to Gerrosin Meche for $1,800, whilst the N. % appears to have reverted to the succession, and was included in the land herein sold to effect the partition. We find in the record, also, a copy of an apparently undated instrument purporting to be the last wall of Greenberry W. Lord, in which he makes a. specific distribution of certain of his property among his children, including “1 tract of land in Acadia Parish, 60 acres,. worth $700,” to George Lord, and says:
“Then, at my decease, I want all my remaining property sold and those of my children that are behind the others in the distribution of property to be all brought up equal to all.”
*702 This instrument appears to have been filed in the district court in the parish of Acadia, on September 8, 1904, and recorded in “Miscellaneous Book No. 3,” on October 1, 1904, but we are not informed whether it was admitted to probate and executed as a will. The evidence satisfies us that George Lord paid his father nothing for the land conveyed to him, and equally satisfies us that it was not intended as an extra portion. It is therefore subject to collation, on the demand of the other heirs. The judge a quo reached that conclusion, and fixed the valuation of the property at $700, which, in the absence of satisfactory evidence to the contrary, the date of the opening of the succession of Greenberry W. Lord, not appearing in the record, we must presume to be correct. The judgment appealed from is accordingly affirmed.